**Michael Grinblat** (4159752)
Law Offices of Michael Grinblat
817 Broadway, Fourth Floor
New York, NY 10003
Tel:  (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com
*Attorney for the Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SEMYON GRINBLAT**, individually and on behalf of all others similarly situated, | |
| Plaintiff, | **NOTICE OF MOTION** |
| -against- | |
| **APNA FOOD & OIL CORP**, **I & J HOLDINGS, INC.**, **JOHN DOE 1-X**, persons yet unknown, **Limited Liability Companies, Partnerships, Corporations 1-X**, entities yet unknown, | **CASE NO.: 19-cv-6746-EK-LB** |
| Defendants. | |

TO THE DEFENDANT, APNA FOOD & OIL CORP:

NOTICE IS HEREBY GIVEN that on the date and time to be provided by the Court, or as soon thereafter as the matter may be heard, SEMYON GRINBLAT ("Plaintiff"), will present his application under Rule 55(b)(2) of the Federal Rules of Civil Procedure, for entry of default judgment against APNA FOOD & OIL CORP ("Defendant"), as further set forth in the attached proposed default judgment. The application will be made to this Court at the United States District Courthouse, located at 225 Cadman Plaza East, Brooklyn, NY 11201, in a room, the number of which is to be provided by the Court.

1

At the hearing, the Plaintiff will show the following:

1. The Defendant has failed to appear in this action.

2. Default has been certified against the Defendant on January 17, 2020 [Doc. No. 8], pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to file an answer, or otherwise move, with respect to the Plaintiff's complaint.

3. The Plaintiff is entitled to judgment in the amount to be shown in Declaration of Attorney's Fees and Costs.

4. The Defendant is a legal entity, specifically a corporation, rather than a natural person, and is therefore not currently serving in the military, as evidenced by the attached Declaration Regarding Military Status.

5. The Defendant is not a minor or an incompetent person.

(the remainder of the page has been intentionally left blank)

This Motion is based on this Notice of Motion, the accompanying declarations, the Memorandum of Law in Support of Default Judgment, exhibits and all of the pleadings and papers on file in this action.

March 2, 2020

Respectfully submitted,

*Michael Grinblat*
Michael Grinblat, Esq. (4159752)

Attorney for the Plaintiff
Law Offices of Michael Grinblat
817 Broadway, Fourth Floor
New York, NY 10003
Tel:  (347) 796-0712
Fax:  (212) 202-5130
Email: michael.grinblatesq@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 2, 2020, I filed the foregoing Notice of Motion with the Court via CM/ECF, which caused notice to be served upon all e-filing attorneys of record. On the same date I also served the following, via United States Postal Service Priority Mail, with signature confirmation, postage prepaid:

Apna Food & Oil Corp
65-10 Queens Boulevard
Woodside, NY 11377

(The Defendant presently conducts business at the above address, which is used for service of process by the New York Department of State. No registered agent is listed in the Corporation & Business Database maintained by that government agency for this Defendant.)

**Michael Grinblat** (4159752)
Law Offices of Michael Grinblat
817 Broadway, Fourth Floor
New York, NY 10003
Tel:  (347) 796-0712
Fax:  (212) 202-5130
Email: michael.grinblatesq@gmail.com
*Attorney for the Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SEMYON  GRINBLAT**,  individually  and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>**APNA  FOOD  &  OIL  CORP**,  **I  &  J HOLDINGS,  INC.**,  **JOHN  DOE  1-X**, persons  yet  unknown,  **Limited  Liability Companies,  Partnerships,  Corporations 1-X**, entities yet unknown,<br><br>Defendants. | **MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFAULT JUDGMENT**<br><br><br>**CASE NO.: 19-cv-6746-EK-LB** |

SEMYON GRINBLAT ("Plaintiff"), by and through his undersigned counsel, moves the Court for default judgment against APNA FOOD & OIL CORP ("Defendant"), pursuant to Rule 55 of the Federal Rules of Civil Procedure and Rule 55.2(b) of Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. A memorandum in support of the Motion is respectfully submitted below.

## FACTUAL BACKGROUND

1. On December 1, 2019, the Plaintiff filed the Complaint in this matter.

2. On December 10, 2019, the Defendant was properly served with the Summons [Doc. No. 4-1] and Complaint [Doc. No. 1] in this action, both in accordance with Rule 4(c) of the Federal Rules of Civil Procedure and pursuant to New York Limited Liability Company Law §303.

3. Proof of service of the Summons and Complaint on the Defendant was filed with the Court on December 17, 2019 [Doc. No. 5].

4. The Summons duly informed the Defendant that failure to respond to the Complaint would result in default judgment against it for the relief demanded in the Complaint.

5. On December 1, 2019, the Plaintiff's counsel sent correspondence to the Civil Rights Bureau [Exhibit 1], in which he notified it of this legal action pursuant to NYS Civil Rights Law §40-d and enclosed a copy of the Complaint [Doc. No. 1]. Proof of service and delivery of that correspondence is attached to this Motion [Exhibit 2].

6. On December 1, 2019, the Plaintiff's counsel also sent correspondence to the New York City Commission on Human Rights [Exhibit 3], in which he notified it of this legal action pursuant to NYC Human Rights Law §8-502(c) and enclosed a copy of the Complaint [Doc. No. 1]. Proof of service and delivery of that correspondence is attached to this Motion [Exhibit 4].

7. Under Rule 12(a) of the Federal Rules of Civil Procedure, the Defendant was required to plead, or otherwise respond, to the Complaint, by December 31, 2019. With the three-day extension, under *Laina*[1], the Defendant was required to plead, or otherwise respond, to the Complaint by January 3, 2020, but the Defendant has failed to do so. The time for the

---

[1] Under *Laina v. United Cerebral Palsy of N.Y. City, Inc.*, 2012 U.S. Dist. LEXIS 1405, a defendant is entitled to three extra days to plead, or otherwise respond, to the complaint.

Defendant to plead, or respond, to the Complaint has not been extended by any stipulation of the parties, or any order of the Court.

8. On January 8, 2020, the Plaintiff's counsel filed an Application to Clerk for Certificate of Default, together with the Declaration in Support of Application to Clerk for Certificate of Default [Doc. No. 7].

9. Default has been certified, by the Clerk of Court, against the Defendant on January 17, 2020 [Doc. No. 8], pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to file an answer, or otherwise move, with respect to the Plaintiff's Complaint.

10. Although not required by the Federal Rules of Civil Procedure, following filing of an application for Certificate of Default, and in addition to serving the Defendant, through the New York Secretary of State, on January 8, 2020, the Plaintiff's counsel also sent a courtesy copy of the Application for Certificate of Default, together with exhibits, which included Summons, Complaint and Affidavit of Service, to the Chief Executive Officer of the Defendant, at the address, which the New York Secretary of State uses for service of process, if accepted on behalf of the entity, which is also the same address at which the Defendant conducts its business. The Corporation & Business Database maintained by the New York Department of State on its website shows no registered agent for the Defendant [Exhibit 5]. The aforementioned correspondence was sent by United States Postal Service Priority Mail and is attached to this Motion [Exhibit 6]. In that correspondence, the Plaintiff's counsel included a cover letter, containing the information that a request for Certificate of Default was filed, and that once Certificate of Default is issued by the Clerk of the Court, the Plaintiff's counsel will move for default judgment. The cover letter also stated that the Plaintiff prefers to avoid costly litigation by resolving

the matter amicably, and that his ultimate goal is the Defendant's compliance with the 2010 ADA Standards and accessibility for the disabled. He also invited the Defendant to contact him to discuss settlement of this legal matter. Proof of mailing and delivery of that letter is included with this Motion [Exhibit 7]. The Defendant ignored that correspondence and failed to contact the Plaintiff's counsel.

11. The Defendant is a legal entity, specifically a corporation, rather than a natural person, and is therefore not currently serving in the military, as evidenced by the attached Declaration Regarding Military Status.

12. The Defendant is not a minor or an incompetent person.

13. To date, the Defendant has failed to answer, move, or otherwise respond to the Complaint.

## ARGUMENT

Rule 8(b)(6) of the Federal Rules of Civil Procedure states that allegations in a pleading, to which a responsive pleading is required, are deemed admitted, if not denied in a responsive pleading. The Defendant has not filed a responsive pleading denying the allegations in the Complaint. Therefore, the Plaintiff's allegations are deemed admitted.

The Complaint brings causes of action against the Defendant to enjoin unlawful discrimination based on disability. The Plaintiff was discriminated against on the basis of disability and denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation owned, leased, or operated by the Defendant. This action was brought under the ADA, 42 U.S.C. §12182, §12183 and §12188(a) – incorporating by reference the remedies and procedures found in 42 U.S.C. 2000a-3,

4

§204 of the Civil Rights Act of 1964 – the ADA's Accessibility Guidelines, 28 CFR Part 36, subpart D, the 2004 ADA Accessibility Guidelines ("ADAAG") at 36 CFR Part 1191, appendices B and D, the 2010 ADA Standards for Accessible Design ("2010 Standards"), the Building Code of the State of New York, as well as the New York State Civil Rights Law §40-c and §40-d, the New York State Human Rights Law §296 and the New York City Human Rights Laws [Administrative Code] §8-107, as well as all other laws and regulations enumerated in the Complaint. The Plaintiff seeks compensatory, statutory and punitive damages, declaratory and injunctive reliefs and rectification of all violations enumerated in the Complaint, attorney's fees and costs against the Defendant, as well as such other relief as the Court deems to be just and proper.

The Plaintiff's causes of action are supported by the factual allegations contained in the Complaint. The Defendant has been duly served with the Summons and Complaint, notified of the Plaintiff's intention to move the Court for default judgment and has not filed a responsive pleading denying any of the allegations in the Complaint within the applicable time period. Pursuant to Rule 8(b)(6), the allegations in the Complaint are deemed admitted. This Court may enter judgment by default against the Defendant and issue a permanent injunction.

The Plaintiff requests that the Court order injunctive relief similar to that ordered in *Shariff v. Beach 90th Street Realty Corp.*, 2013 WL 6835157, (2nd Cir., EDNY), because of the substantial similarity of circumstances. In the present matter, the Plaintiff also alleges violations of the same laws and violations are also similar. As in *Shariff*, the Defendant failed to plead, or otherwise defend the action, and the Clerk subsequently entered a certificate of default. *See* also *Shariff v. Alsaydi*, 2013 WL 4432218, (2nd Cir., EDNY) and *Shalto v. Bay of Bengal Kabob Corp.*, 2013 WL 867429 (2nd Cir., EDNY) (The Court granted Plaintiff's motions for default

judgment, issued injunctive relief to remedy violations of the ADA and New York laws and awarded statutory damages and costs in both cases. Attorney's fees were awarded in *Shariff v. Alsaydi*, but denied, absent evidentiary support, in *Shalto*, in which the Court, nevertheless, allowed the Plaintiff leave to refile the motion with proper evidentiary support.) For the above reasons, the Plaintiff respectfully requests the Court to order injunctive relief similar to that ordered in the aforementioned cases. The Plaintiff requests the Court to issue an injunction ordering the Defendant to (1) submit to the Plaintiff's counsel an architectural plan that remedies the violations identified in the Complaint within 60 days of the filing of the proof of service and Memorandum and Order; (2) within 30 days from receipt of the Defendant's plans, the Plaintiff shall consent to it, or seek further relief from the Court; and (3) the Defendant will make any necessary alterations within 60 days of the Plaintiff's consent, or subsequent Order of this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff hereby respectfully requests judgment against the Defendant and that this Court grant the following relief:

A.    Certify this case as a class action;

B.    Grant a permanent injunction:

    i.) Enjoining the Defendant, its officers, management personnel, employees, agents, successors and assigns from engaging in discrimination based on disability;

    ii.) Requiring the Defendant to alter its Subject Facility (as defined in the Complaint [Doc. No. 1]) to make it readily accessible to, and usable for, individuals with disabilities;

6

iii.) Compelling the Defendant to make all necessary modifications to its policies, practices and procedures, so that the Plaintiff would not be subject to further discrimination;

iv.) Ordering the Defendant to provide auxiliary aids and services, as well as to modify its policies, or procedures, or provide an alternative method, so that the Plaintiff would be able to obtain the full and equal enjoyment of the Subject Facility owned, operated, maintained, or leased, by the Defendant, in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws; and

v.) Ordering the Defendant to make the Subject Facility readily accessible to and usable by individuals with disabilities.

C.    Enter declaratory judgment specifying the Defendant's violations of the ADA, the New York State Civil Laws, the New York State Human Rights Laws and the New York City Human Right Laws and declare the rights of the Plaintiff, and other persons similarly situated, as to the Defendant's policies, procedures, facilities, goods and services offered to the public;

D.    Enter declaratory judgment specifying that the Subject Facility owned, operated, leased, controlled, maintained and/or administered by the Defendant violates the ADA, the New York State Civil Rights Law, the New York State Human Rights Law and the New York City Human Rights Law;

E.    Enter an order requiring the Defendant to alter its facilities and amenities to make them accessible to, and usable by, individuals with disabilities to the full extent

required by Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

F.    Hold the Defendant liable for $500 in statutory damages for each violation and award that sum to the Plaintiff pursuant to the New York State Civil Rights Laws §40-c and §40-d;

G.    Hold the Defendant liable for compensatory damages in the amount of $1,000 under the New York State Human Rights Law and the New York City Human Rights Law.

H.    Hold the Defendant liable for punitive damages for its violation of the New York City Human Rights Law.

I.    Find the Defendant guilty of class A misdemeanor pursuant to the New York State Civil Rights Law §40-d;

J.    Retain its jurisdiction over the Defendant until its unlawful practices, acts and omissions no longer exist;

K.    Find that the Plaintiff is a prevailing party in this litigation and award attorney's fees, expert fees, costs and expenses, together with such other and further relief at law, or in equity, to which the Plaintiff, and other persons similarly situated, may be entitled, in an amount to be shown by Declaration of Attorney's Fees and Costs within 60 days after the entry of Judgment and Order of Permanent Injunction; and

L.    Award such other and further relief as it deems necessary, just and proper.


Executed on March 2, 2020


*Michael Grinblat*

Michael Grinblat, Esq. (4159752)

Attorney for the Plaintiff
Law Offices of Michael Grinblat
817 Broadway, Fourth Floor
New York, NY 10003
Tel:  (347) 796-0712
Fax:  (212) 202-5130
Email: michael.grinblatesq@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that on March 2, 2020, I filed the foregoing Motion and Memorandum of Law in Support of Default Judgment with the Court via CM/ECF, which caused notice to be served upon all e-filing attorneys of record. On the same date, I also served the following, via United States Postal Service Priority Mail, with signature confirmation, postage prepaid:

Apna Food & Oil Corp
65-10 Queens Boulevard
Woodside, NY 11377

(The Defendant presently conducts business at the above address, which is used for service of process by the New York Department of State. No registered agent is listed in the Corporation & Business Database maintained by that government agency for this Defendant.)

**Michael Grinblat** (4159752)
Law Offices of Michael Grinblat
817 Broadway, Fourth Floor
New York, NY 10003
Tel:  (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com
*Attorney for the Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SEMYON GRINBLAT**, individually and on behalf of all others similarly situated, | **DECLARATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |
| Plaintiff, | |
| -against- | |
| **APNA FOOD & OIL CORP**, **I & J HOLDINGS, INC.**, **JOHN DOE 1-X**, persons yet unknown, **Limited Liability Companies, Partnerships, Corporations 1-X**, entities yet unknown, | **CASE NO.: 19-cv-6746-EK-LB** |
| Defendants. | |

I, Michael Grinblat, declare as follows:

1. I am the attorney for SEMYON GRINBLAT ("Plaintiff"), in the above-entitled action.

2. On December 1, 2019, the Plaintiff filed the Complaint in this matter.

3. On December 10, 2019, the Defendant was properly served with the Summons [Doc. No. 4-1] and Complaint [Doc. No. 1] in this action, both in accordance with Rule 4(c) of the Federal Rules of Civil Procedure, and pursuant to New York Limited Liability Company Law §303.

4. Proof of service of the Summons and Complaint on the Defendant was filed with the Court on December 17, 2019 [Doc. No. 5].

1

5.  The Summons duly informed the Defendant that failure to respond to the Complaint would result in default judgment for the relief demanded in the Complaint.

6.  The Defendant has failed to serve and file an answer, or otherwise respond, to the Complaint.

7.  The applicable time limit for responding to the Complaint has now expired. Under Rule 12(a) of the Federal Rules of Civil Procedure, the Defendant was required to plead, or otherwise respond, to the Complaint, by December 31, 2019. With the three-day extension, under *Laina*[1], the Defendant was required to plead, or otherwise respond, to the Complaint, by January 3, 2020, but the Defendant has failed to do so. The time for the Defendant to plead, or respond, to the Complaint has not been extended by any stipulation of the parties, or any order of the Court.

8.  On January 8, 2020, the Plaintiff's counsel filed Application to Clerk for Certificate of Default, together with the Declaration in Support of Application to Clerk for Certificate of Default [Doc. No. 7].

9.  Default has been certified against the Defendant on January 17, 2020 [Doc. No. 8], pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to file an answer, or otherwise move, with respect to the Plaintiff's Complaint.

10. The Defendant is a legal entity, specifically a corporation, rather than a natural person, and is therefore not currently serving in the military, as evidenced by the attached Declaration Regarding Military Status.

11. The Defendant is not a minor or an incompetent person.

---

[1] Under *Laina v. United Cerebral Palsy of N.Y. City, Inc.*, 2012 U.S. Dist. LEXIS 1405, a defendant is entitled to three extra days to plead, or otherwise respond, to the complaint.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on March 2, 2020


*Michael Grinblat*

Michael Grinblat, Esq. (4159752)

Attorney for the Plaintiff
Law Offices of Michael Grinblat
817 Broadway, Fourth Floor
New York, NY 10003
Tel:  (347) 796-0712
Fax:  (212) 202-5130
Email: michael.grinblatesq@gmail.com

3

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 2, 2020, I filed the foregoing Declaration in Support of Motion for

Default Judgment with the Court via CM/ECF, which caused notice to be served upon all e-filing

attorneys of record. On the same date, I also served the following, via United States Postal

Service Priority Mail, with signature confirmation, postage prepaid:

Apna Food & Oil Corp
65-10 Queens Boulevard
Woodside, NY 11377

(The Defendant presently conducts business at the above address, which is used for service of
process by the New York Department of State. No registered agent is listed in the Corporation &
Business Database maintained by that government agency for this Defendant.)

**Michael Grinblat** (4159752)
Law Offices of Michael Grinblat
817 Broadway, Fourth Floor
New York, NY 10003
Tel:  (347) 796-0712
Fax:  (212) 202-5130
Email: michael.grinblatesq@gmail.com
*Attorney for the Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SEMYON GRINBLAT**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>**APNA FOOD & OIL CORP**, **I & J HOLDINGS, INC.**, **JOHN DOE 1-X**, persons yet unknown, **Limited Liability Companies, Partnerships, Corporations 1-X**, entities yet unknown,<br><br>Defendants. | **DECLARATION REGARDING MILITARY STATUS OF DEFAULTING PARTY**<br><br><br>**CASE NO.: 19-cv-6746-EK-LB** |

I, Michael Grinblat, declare as follows:

1. I am the attorney for SEMYON GRINBLAT ("Plaintiff") in the above-entitled action. I am making this declaration pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940.

2. The Defendant is a legal entity, specifically a corporation, rather than a natural person, and is, therefore, not a member of the military service.

3. The Defendant is not a minor or an incompetent person.

1

I declare under penalty of perjury that the foregoing is true and correct.


Executed on March 2, 2020

*Michael Grinblat*
Michael Grinblat, Esq. (4159752)

Attorney for the Plaintiff
Law Offices of Michael Grinblat
817 Broadway, Fourth Floor
New York, NY 10003
Tel:  (347) 796-0712
Fax:  (212) 202-5130
Email: michael.grinblatesq@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 2, 2020 , I filed the foregoing Declaration Regarding Military Status of Defaulting Party with the Court via CM/ECF, which caused notice to be served upon all e-filing attorneys of record. On the same date I also served the following via United States Postal Service Priority Mail, with signature confirmation, postage prepaid:

Apna Food & Oil Corp
65-10 Queens Boulevard
Woodside, NY 11377

(The Defendant presently conducts business at the above address, which is used for service of process by the New York Department of State. No registered agent is listed in the Corporation & Business Database maintained by that government agency for this Defendant.)

3

**Michael Grinblat** (4159752)
Law Offices of Michael Grinblat
817 Broadway, Fourth Floor
New York, NY 10003
Tel:  (347) 796-0712
Fax:  (212) 202-5130
Email: michael.grinblatesq@gmail.com
*Attorney for the Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SEMYON GRINBLAT**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>**APNA FOOD & OIL CORP**, **I & J HOLDINGS, INC.**, **JOHN DOE 1-X**, persons yet unknown, **Limited Liability Companies, Partnerships, Corporations 1-X**, entities yet unknown,<br><br>Defendants. | **JUDGMENT AND ORDER OF PERMANENT INJUNCTION**<br><br><br><br>**CASE NO.: 19-cv-6746-EK-LB** |

On _____ the Court considered the application of SEMYON GRINBLAT ("Plaintiff") for entry of default judgment and permanent injunction against APNA FOOD & OIL CORP ("Defendant") under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

After considering the papers submitted in support of, and in opposition to, the Motion and the papers on file in this action, the Court finds as follows:

1. The Defendant has failed to appear in this action by timely pleading, or responding to, or otherwise defending against, the Complaint in this action after being properly served with that Complaint. Accordingly, the clerk certified a default against the Defendant, under Rule 55(a) of the Federal Rules of Civil Procedure, on January 17, 2020.

1

2. The Defendant is not a minor, nor an incompetent person, nor a current member of the military service.

3. The Plaintiff has established that the Defendant is liable to the Plaintiff for attorney's fees and costs that will be established by Declaration of Attorney's Fees and Costs.

4. The Plaintiff has further established that permanent injunction must be issued for the reasons enumerated below.

   a. The Defendant owns, and/or leases, and/or operates, and/or has control over, the Subject Facility (as defined in the Complaint [Doc. No. 1]), which is a store. It is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7)(E) and 28 CFR §36.104 Place of public accommodation (5), New York State Human Rights Law §292(9) and New York City Human Rights Law, Admin. Code of the City of New York, §8-107(4).

   b. The Defendant, at all relevant times, was an owner, and/or leased, and/or leased to, and/or managed, and/or had control over, and/or operated, and/or designed, and/or constructed, and/or built, and/or maintained, and/or altered the Subject Facility, which includes the parking lot adjacent to the store, which is operated by the Defendant under the name BP and is located at BP, 65-10 Queens Boulevard, Woodside, NY 11377.

   c. The Subject Facility contains multiple barriers to access by individuals with disabilities in violation of the Americans with Disabilities Act, and they constitute discrimination under 42 U.S.C. §12182, §12183 and §12188(a), NYS Civil Rights Law §40-c and §40-d, NYS Human Rights Law §296 and New York City Human Rights Laws [Administrative Code] §8-107.

2

5. The specific barriers to access present at the Subject Facility are enumerated in the Plaintiff's Complaint.

6. These barriers to access the Subject Facility violate 42 U.S.C. §12183(a)(1) and §12188(a)(2) mandates an injunction to remedy these violations. An injunction is necessary to ensure that the Subject Facility is readily accessible to the Plaintiff and other individuals with disabilities.

7. The Plaintiff is an individual with a disability, who uses a wheelchair and who has suffered an injury-in-fact. He will be injured in the future, if the barriers to access the Subject Facility are not removed.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment be entered against the Defendant as follows:

A. A permanent injunction is granted

    i.) Enjoining the Defendant, its officers, management personnel, employees, agents, successors and assigns from engaging in discrimination based on disability;

    ii.) Requiring the Defendant to alter its Subject Facility to make it readily accessible to, and usable for, individuals with disabilities;

    iii.) Compelling the Defendant to make all necessary modifications to its policies, practices and procedures, so that the Plaintiff would not be subject to further discrimination;

    iv.) Ordering the Defendant to provide auxiliary aids and services, as well as to modify its policies, or procedures, or provide an alternative method, so that the Plaintiff would be able to obtain the full and equal enjoyment of the Subject

Facility owned, operated, maintained, or leased, by the Defendant, in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

v.) Ordering the Defendant to make the Subject Facility readily accessible to and usable by individuals with disabilities;

M.   The Subject Facility owned, operated, leased, controlled, maintained and/or administered by the Defendant violates the ADA, the New York State Civil Rights Law, the New York State Human Rights Law and the New York City Human Rights Law;

N.   The Defendant will alter its facilities and amenities to make them accessible to, and usable by, individuals with disabilities to the full extent required by Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

O.   The Defendant is liable to the Plaintiff for compensatory damages in the amount of $1,000 under the New York State Human Rights Law and the New York City Human Rights Law;

P.   The Defendant is liable to the Plaintiff for punitive damages in the amount of $10,000 for its violation of the New York City Human Rights Law;

Q.   The Defendant is liable to the Plaintiff for $500 in statutory damages for each violation and that sum is awarded to the Plaintiff pursuant to the New York State Civil Rights Laws §40-c and §40-d;

R.   The Defendant is guilty of class A misdemeanor pursuant to the New York State Civil Rights Law §40-d;

4

S.    Jurisdiction is retained over the Defendant until its unlawful practices, acts and omissions no longer exist;

T.    The Plaintiff is a prevailing party in this litigation and is awarded attorney's fees and costs in an amount to be shown by Declaration of Attorney's Fees and Costs within 60 days after the entry of this Order;

U.    The Defendant will rectify all of the violations of the ADA, which were enumerated in the Complaint, and take the following actions:

i.)  submit to the Plaintiff's counsel an architectural plan that remedies the violations, identified in the Complaint, within 60 days of the filing of the proof of service and Memorandum and Order;

ii.) within 30 days from receipt of the Defendant's plans, the Plaintiff shall consent to it, or seek further relief from the Court; and

iii.) the Defendant will make any necessary alterations within 60 days of the Plaintiff's consent, or subsequent Order of this Court.

IT IS SO ORDERED.

Signed: _____, 2020

Eric R. Komitee,
United States District Judge

# EXHIBIT 1

# Law Offices of
# Michael Grinblat
# 817 Broadway, Fourth Floor
# New York, NY 10003

Telephone: (347) 796-0712
Facsimile: (212) 202-5130
michael.grinblatesq@gmail.com

December 1, 2019

Civil Rights Bureau
28 Liberty Street
New York, NY 10005

By Priority Mail. USPS Tracking Number: 9405 5036 9930 0178 3623 81

Attn.:  To Whom It May Concern

Re:    SEMYON GRINBLAT, individually and on behalf of all others similarly situated v. APNA
       FOOD & OIL CORP, I & J HOLDINGS, INC., JOHN DOE 1-X, persons yet unknown,
       Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown
       Case No.:      19-cv-6746

Dear Sir or Madam:

The purpose of this correspondence is to notify your office, pursuant to NYS Civil Rights
Law §40-d, that my law firm filed the above-entitled legal action on behalf of my client, Semyon
Grinblat, in the federal court for the Eastern District of New York on December 1, 2019. The
lawsuit stems from the discrimination of my client by the defendants, on the basis of disability, in
violation of the Americans with Disabilities Act, 42 U.S.C. §12182, §12183 and §12188(a), NYS
Civil Rights Law §40-c and §40-d, NYS Human Rights Law §296 and New York City Human
Rights Laws [Administrative Code] §8-107. Enclosed please find a copy of the complaint.

Please contact me should you have any questions, or concerns.

Very truly yours,

Michael Grinblat

Michael Grinblat, Esq.
Enclosure

# EXHIBIT 2



✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Cut on dotted line.*

## Instructions

1. Each Click-N-Ship® label is unique.  Labels are to be used as printed and used only once.  DO NOT PHOTO COPY OR ALTER LABEL.

2. Place your label so it does not wrap around the edge of the package.

3. Adhere your label to the package.  A self-adhesive label is recommended.  If tape or glue is used, DO NOT TAPE OVER BARCODE.  Be sure all edges are secure.

4. To mail your package with PC Postage®, you may schedule a Package Pickup online, hand to your letter carrier, take to a Post Office™, or drop in a USPS collection box.

5. Mail your package on the "Ship Date" you selected when creating this label.

## Click-N-Ship® Label Record

**USPS TRACKING # :**
**9405 5036 9930 0178 3623 81**

| | | Priority Mail® Postage: | $7.35 |
|---|---|---|---|
| Trans. #: | 478035485 | Total: | $7.35 |
| Print Date: | 12/01/2019 | | |
| Ship Date: | 12/01/2019 | | |
| Expected Delivery Date: | 12/03/2019 | | |

From:    MICHAEL GRINBLAT
         LAW OFFICES OF MICHAEL GRINBLAT
         817 BROADWAY
         FL 4
         NEW YORK NY 10003-4709

To:      CIVIL RIGHTS BUREAU
         28 LIBERTY ST
         NEW YORK NY 10005-1400

\* Retail Pricing Priority Mail rates apply.  There is no fee for USPS Tracking® service on Priority Mail service with use of this electronic rate shipping label. Refunds for unused postage paid labels can be requested online 30 days from the print date.

 *Thank you for shipping with the United States Postal Service!*
*Check the status of your shipment on the USPS Tracking® page at usps.com*

**First-Class Package International Service® will be temporarily unavailable on Click-N-Ship® starting January 1, 2019. You may still ship with this service by visiting a Post Office™ location.**

| Create Label | Preferences | Shipping History | Address Book |
|---|---|---|---|

Account # ▉▉▉▉▉

## Label Details

**Label Number:**

9405503699300178362381

**Terms**

**Acceptance Cutoff:** 12/01/2019 5:00 PM

**Acceptance Time:** 12/02/2019 10:10 PM

**Expected Date:** 12/03/2019 11:59 PM

**Delivery Status:** Delivered, To Agent
2019-12-03
10:47:00.0

**Label Actions**

USPS Tracking®
Ship Again

**Need help**

File an insurance claim
Request A Service Refund

**Return Address:**
MICHAEL GRINBLAT
LAW OFFICES OF MICHAEL GRINBLAT
817 BROADWAY
FL 4
NEW YORK, NY 10003-4709
michael.grinblatesq@gmail.com

**Delivery Address:**
CIVIL RIGHTS BUREAU
28 LIBERTY ST
NEW YORK, NY 10005-1400

**Package:**
Ship Date: 12/01/19
Value: $30.00
From: 10003

**Service:**
Priority Mail® 1-Day
Flat Rate Envelope
USPS Tracking®

Feedback

| | | | |
|---|---|---|---|
| **Transaction Number:** | 478035485 | Postage Cost | $7.35 |
| | | USPS Tracking® | Free |
| **Transaction Type:** | Label | | |
| **Payment Method:** | ▉▉▉▉ | **Label Total:** | $7.35 |
| **Payment Status:** | Account Charged | **Order Total:** | $7.35 |

| Timestamp | Message |
|---|---|
| 12-01-2019 10:48:35 | LABEL PRINTED |
| 12-01-2019 10:48:13 | Getting Payment |
| 12-01-2019 10:47:53 | Setting Payment |

Back to Shipping History



# **<u>EXHIBIT 3</u>**

# Law Offices of
# Michael Grinblat
# 817 Broadway, Fourth Floor
# New York, NY 10003

Telephone: (347) 796-0712
Facsimile: (212) 202-5130
michael.grinblatesq@gmail.com

December 1, 2019

Damion K. L. Stodola
General Counsel
NYC Commission on Human Rights
22 Reade Street, 2nd Floor
New York, NY 10007

By Priority Mail. USPS Tracking Number: 9405 5036 9930 0178 3593 43

Re:    SEMYON GRINBLAT, individually and on behalf of all others similarly situated v. APNA
       FOOD & OIL CORP, I & J HOLDINGS, INC., JOHN DOE 1-X, persons yet unknown,
       Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown
       Case No.:    19-cv-6746

Dear Mr. Stodola:

The purpose of this correspondence is to notify your office, pursuant to NYC Human Rights Law §8-502(c), that my law firm filed the above-entitled legal action on behalf of my client, Semyon Grinblat, in the federal court for the Eastern District of New York on December 1, 2019. The lawsuit stems from discrimination of my client by the defendants, on the basis of disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §12182, §12183 and §12188(a), NYS Civil Rights Law §40-c and §40-d, NYS Human Rights Law §296 and New York City Human Rights Laws [Administrative Code] §8-107. Enclosed please find a copy of the complaint.

Please contact me should you have any questions, or concerns.

Very truly yours,

*Michael Grinblat*

Michael Grinblat, Esq.
Enclosure

# **EXHIBIT 4**




*Cut on dotted line.*

## Instructions

1. Each Click-N-Ship® label is unique.  Labels are to be used as printed and used only once.  DO NOT PHOTO COPY OR ALTER LABEL.

2. Place your label so it does not wrap around the edge of the package.

3. Adhere your label to the package.  A self-adhesive label is recommended.  If tape or glue is used, DO NOT TAPE OVER BARCODE.  Be sure all edges are secure.

4. To mail your package with PC Postage®, you may schedule a Package Pickup online, hand to your letter carrier, take to a Post Office™, or drop in a USPS collection box.

5. Mail your package on the "Ship Date" you selected when creating this label.

### Click-N-Ship® Label Record

**USPS TRACKING # :**
**9405 5036 9930 0178 3593 43**

| | | Priority Mail® Postage: | **$7.35** |
|---|---|---|---|
| Trans. #: | 478035000 | Total: | **$7.35** |
| Print Date: | 12/01/2019 | | |
| Ship Date: | 12/01/2019 | | |
| Expected Delivery Date: | 12/03/2019 | | |

From:  MICHAEL GRINBLAT
       LAW OFFICES OF MICHAEL GRINBLAT
       817 BROADWAY
       FL 4
       NEW YORK NY 10003-4709

To:    DAMION K STODOLA
       NYC COMMISSION ON HUMAN RIGHTS
       22 READE ST
       # 2
       NEW YORK NY 10007-1216

* Retail Pricing Priority Mail rates apply.  There is no fee for USPS Tracking® service on Priority Mail service with use of this electronic rate shipping label. Refunds for unused postage paid labels can be requested online 30 days from the print date.

**UNITED STATES POSTAL SERVICE®**  *Thank you for shipping with the United States Postal Service!*
*Check the status of your shipment on the USPS Tracking® page at usps.com*

Case 1:19-cv-06746-EK-LB    Document 9    Filed 03/02/20    Page 37 of 46 PageID #: 94

**First-Class Package International Service® will be temporarily unavailable on Click-N-Ship® starting January 1, 2019. You may still ship with this service by visiting a Post Office™ location.**

| Create Label | Preferences | Shipping History | Address Book |
|---|---|---|---|

## Label Details

Account # ▮▮▮▮▮▮

**Label Number:**

9405503699300178359343

**Terms**

Acceptance Cutoff: **12/01/2019 5:00 PM**

Acceptance Time: **12/02/2019 10:10 PM**

Expected Date: **12/03/2019 11:59 PM**

Delivery Status: **Delivered, Front Desk/Reception/Mail Room**

Label Actions **2019-12-03 11:30:00.0**

USPS Tracking®
Ship Again

**Need help**

File an insurance claim

Request A Service Refund

**Return Address:**
MICHAEL GRINBLAT
LAW OFFICES OF MICHAEL GRINBLAT
817 BROADWAY
FL 4
NEW YORK, NY 10003-4709
michael.grinblatesq@gmail.com

**Delivery Address:**
DAMION K STODOLA
NYC COMMISSION ON HUMAN RIGHTS
22 READE ST
# 2
NEW YORK, NY 10007-1216

**Package:**
Ship Date: 12/01/19
Value: $30.00
From: 11378

**Service:**
Priority Mail® 1-Day
Flat Rate Envelope
USPS Tracking®

| | | | |
|---|---|---|---|
| Transaction Number: | 478035000 | Postage Cost | $7.35 |
| | | USPS Tracking® | Free |
| Transaction Type: | Label | | |
| Payment Method: | ▮▮▮▮▮ | **Label Total:** | **$7.35** |
| Payment Status: | Account Charged | **Order Total:** | **$7.35** |

| Timestamp | Message |
|---|---|
| 12-01-2019 10:39:30 | LABEL PRINTED |
| 12-01-2019 10:38:54 | Getting Payment |
| 12-01-2019 10:38:32 | Setting Payment |

Back to Shipping History



# **<u>EXHIBIT 5</u>**

# NYS Department of State

# Division of Corporations

## Entity Information

The information contained in this database is current through November 27, 2019.

Selected Entity Name: APNA FOOD & OIL CORP
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | APNA FOOD & OIL CORP |
| **DOS ID #:** | 5268477 |
| **Initial DOS Filing Date:** | JANUARY 17, 2018 |
| **County:** | QUEENS |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information
**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

APNA FOOD & OIL CORP
65-10 QUEENS BLVD
QUEEN, NEW YORK, 11377

**Registered Agent**

NONE

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 200 | No Par Value | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| JAN 17, 2018 | Actual | APNA FOOD & OIL CORP |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results     New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS Homepage   |   Contact Us

# **<u>EXHIBIT 6</u>**

# Law Offices of
# Michael Grinblat
# 817 Broadway, Fourth Floor
# New York, NY 10003

Telephone: (347) 796-0712
Facsimile: (212) 202-5130
michael.grinblatesq@gmail.com

January 8, 2020

Apna Food & Oil Corp
65-10 Queens Boulevard
Woodside, NY 11377

Re:    SEMYON GRINBLAT, individually and on behalf of all others similarly situated v. APNA
        FOOD & OIL CORP, I & J HOLDINGS, INC., JOHN DOE 1-X, persons yet unknown,
        Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown
        Case No.:      19-cv-6746-MKB-LB

By Priority Mail. USPS Tracking Number: 9405 5036 9930 0224 1001 10

Attention: Chief Executive Officer of APNA FOOD & OIL CORP

Dear Sir or Madam:

Please be advised that my law firm filed the above-entitled legal action on behalf of my
client, Semyon Grinblat, in the federal court for the Eastern District of New York on December 1,
2019. The lawsuit stems from the discrimination of my client by the defendants on the basis of
disability in violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §12182,
§12183 and §12188(a), NYS Civil Rights Law §40-c and §40-d, NYS Human Rights Law §296
and New York City Human Rights Laws [Administrative Code] §8-107.

Under the Federal Rules of Civil Procedure, Rule 12(a), you were required to plead, or
otherwise respond, to the complaint, by January 6, 2020. That date includes the five-day extension
of time, to which you are entitled. You failed to plead, or otherwise respond, to the complaint.
Consequently, today I filed an application for a certificate of default with the Clerk for the United
States District Court for the Eastern District of New York.

Enclosed please find courtesy copies of the summons and complaint, which have been
served on the New York Secretary of State, with notices of this litigation and copies of the
aforementioned documents delivered to the New York City Commission on Human Rights and
the New York State Civil Rights Bureau. Enclosed are also copies of the affidavit of service and
application to clerk for a certificate of default.

SEMYON GRINBLAT, individually and on behalf of all others similarly situated v. APNA FOOD
& OIL CORP, I & J HOLDINGS, INC., JOHN DOE 1-X, persons yet unknown, Limited Liability
Companies, Partnerships, Corporations 1-X, entities yet unknown
Attn.:   Chief Executive Officer of APNA FOOD & OIL CORP
Case No.:        19-cv-6746-MKB-LB
January 8, 2020
Page 2

  My client's ultimate goal is that the defendants remediate their violations of the ADA,
bring their property in full compliance with the ADA, as well as the other aforementioned laws,
and compensate my client for his attorneys' fees, expenses and costs. My client wants to avoid a
prolonged costly litigation and jury trial, certifying this case as a class action, seeking punitive
damages, in addition to actual, statutory and compensatory damages, obtaining injunctive and
declaratory reliefs, and looks forward to reaching a quick and amicable resolution of this matter.

  Please contact me should you have any questions, concerns, or to discuss settlement of this
matter.


Very truly yours,


*Michael Grinblat*

Michael Grinblat, Esq.
Enclosures

# **EXHIBIT 7**





*Cut on dotted line.*

## Instructions

1. Each Click-N-Ship® label is unique. Labels are to be used as printed and used only once. DO NOT PHOTO COPY OR ALTER LABEL.

2. Place your label so it does not wrap around the edge of the package.

3. Adhere your label to the package. A self-adhesive label is recommended. If tape or glue is used, DO NOT TAPE OVER BARCODE. Be sure all edges are secure.

4. To mail your package with PC Postage®, you may schedule a Package Pickup online, hand to your letter carrier, take to a Post Office™, or drop in a USPS collection box.

5. Mail your package on the "Ship Date" you selected when creating this label.

## Click-N-Ship® Label Record

**USPS TRACKING # :**
**9405 5036 9930 0224 1001 10**

| | |
|---|---|
| Trans. #: 481452046 | Priority Mail® Postage: **$7.35** |
| Print Date: 01/08/2020 | Total: **$7.35** |
| Ship Date: 01/08/2020 | |
| Expected Delivery Date: 01/09/2020 | |

From:  MICHAEL GRINBLAT
LAW OFFICES OF MICHAEL GRINBLAT
817 BROADWAY
FL 4
NEW YORK NY 10003-4709

To:  APNA FOOD & OIL CORP
6510 QUEENS BLVD
WOODSIDE NY 11377-5750

* Retail Pricing Priority Mail rates apply. There is no fee for USPS Tracking® service on Priority Mail service with use of this electronic rate shipping label. Refunds for unused postage paid labels can be requested online 30 days from the print date.

**UNITED STATES POSTAL SERVICE®**   *Thank you for shipping with the United States Postal Service!*
*Check the status of your shipment on the USPS Tracking® page at usps.com*

USPS.com® - Shipping History

**Did you know you can request a refund online for unused Click-N-Ship® labels in your Shipping History? Click <u>here</u> to learn more.**

| Create Label | Preferences | Shipping History | Address Book |
|---|---|---|---|

**Account #** ▮▮▮▮▮▮

## Label Details

**Label Number:**

<u>9405503699300224100110</u>

**Terms**

**Acceptance Cutoff:** 01/08/2020 5:00 PM

**Acceptance Time:** 01/08/2020 9:34 PM

**Expected Date:** 01/09/2020 11:59 PM

**Delivery Status:** Delivered, In/At Mailbox

**Label Actions** 2020-01-09 14:06:00.0

<u>USPS Tracking®</u>
<u>Ship Again</u>

**Need help**

<u>File an insurance claim</u>
<u>Request A Service Refund</u>

**Return Address:**
MICHAEL GRINBLAT
LAW OFFICES OF MICHAEL GRINBLAT
817 BROADWAY
FL 4
NEW YORK, NY 10003-4709
michael.grinblatesq@gmail.com

**Delivery Address:**
APNA FOOD & OIL CORP
6510 QUEENS BLVD
WOODSIDE, NY 11377-5750

**Package:**
Ship Date: 01/08/20
Value: $40.00
From: 10003

**Service:**
Priority Mail® 1-Day
Flat Rate Envelope
USPS Tracking®

| | | |
|---|---|---|
| **Transaction Number:** | 481452046 | Postage Cost      $7.35 |
| | | USPS Tracking®      Free |
| **Transaction Type:** | Label | |
| **Payment Method:** | ▮▮▮▮▮ | **Label Total:**    $7.35 |
| **Payment Status:** | Account Charged | **Order Total:**    $7.35 |

| Timestamp | Message |
|---|---|
| 01-08-2020 10:12:13 | LABEL PRINTED |
| 01-08-2020 10:12:01 | Getting Payment |
| 01-08-2020 10:11:43 | Setting Payment |

[ Back to Shipping History ]