UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SEMYON GRINBLAT, *individually and
on behalf of all others similarly situated,*[1]

     Plaintiff,       **REPORT & RECOMMENDATION**
                  **19 CV 6746 (EK)(LB)**

  -against-

APNA FOOD & OIL CORP.,
I&J HOLDINGS, INC.,
JOHN DOE 1-X, and
CORPORATIONS 1-X,

      Defendants.
----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

   Plaintiff, Semyon Grinblat, brings this civil action against Apna Food & Oil Corp. ("Apna") and I&J Holdings, Inc. ("I&J"), collectively "defendants," alleging that they violated his rights under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq.*, the New York State Civil Rights Law, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Despite proper service of the summons and complaint, defendants have failed to plead or otherwise defend this action. Plaintiff now moves for a default judgment against defendants pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. ECF Nos. 9–10. The Honorable Eric Komitee referred plaintiff's motions for a default judgment to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motions should be granted in part and denied in part as set forth herein. I further recommend that plaintiff should be given

---

[1] Although this action was purportedly brought "individually and on behalf of all others similarly situated," it was never certified as a class action. ECF No. 1 at 1.

leave to move for attorney's fees and costs within six months of any Order adopting this Report upon demonstrating his efforts to enforce the injunction.

## BACKGROUND[2]

The ADA embodies our national commitment to advocate for people with disabilities and is considered one of the most comprehensive pieces of civil rights legislation in American history. *Introduction to the ADA*, ADA.GOV (Aug. 6, 2020, 3:31 PM), http://www.ada.gov/ada_intro.htm. Although the law is well-intentioned, Courts across the country have grappled with a cottage industry of plaintiffs' attorneys who, encouraged by the statute's attorney's fee provision, bring suits to extract nuisance value settlements by identifying ADA violations with no intention of seeking remediation.[3] These nuisance value settlements are achieved with relative ease as plaintiffs are not required to exhaust administrative remedies. Furthermore, as plaintiffs are not required to give notice to defendants prior to filing their lawsuit,[4] they can begin incurring attorney's fees even before defendants are aware of the alleged ADA violations.

It therefore comes as no surprise that lawsuits brought under the ADA have increased three-fold in recent years, particularly with regard to cases alleging limited accessibility at businesses, as in the instant case. *Just the Facts: Americans with Disabilities* Act, UNITED STATES COURTS (Aug. 6, 2020, 6:13 PM), https://www.uscourts.gov/news/2018/07/12/just-facts-americans-

---

[2] The facts are drawn from the uncontested allegations in plaintiff's complaint and are taken as true for the purpose of deciding this motion. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F. 3d 105, 108 (2d Cir. 1997) (deeming well-pleaded allegations in complaint admitted on motion for a default judgment).

[3] See e.g., Adams v. 724 Franklin Ave. Corp., No. 16 CV 5138 (BMC), 2016 WL 7495804, *2 (E.D.N.Y. Dec. 30, 2016) (citing cases); Deutsch v. Henry, No. A-15-CV-490-LY-ML, 2016 WL 7165993, at *21 (W.D. Tex. Dec. 7, 2016), adopted by, 2017 WL 5652384 (W.D. Tex. Mar. 28, 2017); Ashley v. Zaharopoulos Props., LLC, No. 3:12CV00305 SWW, 2013 WL 3422906, at *1 (E.D. Ark. July 8, 2013); Nat'l Alliance for Accessibility, Inc. v. Big Lots Stores, Inc., No. 1:11–cv–941, 2012 WL 1440226, at *8 n.7 (M.D.N.C. Apr. 26, 2012); Molski v. Mandarin Touch Rest., 347 F. Supp. 2d 860 (C.D. Cal. 2004).

[4] The United States House of Representatives passed the ADA Education and Reform Act of 2017, which would require plaintiffs to give defendants notice and an opportunity to cure the alleged ADA violations prior to filing suit. H.R. 620, 115th Cong. (2017). The United States Senate has not taken action on H.R. 620; thus to date, no pre-suit notice is required.

disabilities-act. This is but one of the forty-four nearly identical cases plaintiff has filed in the Eastern District of New York since 2018 claiming lack of accessibility at various businesses across Brooklyn. Plaintiff is an elderly man who is disabled. ECF No. 1, Complaint ("Compl.") ¶¶ 8, 56. Among other health conditions, plaintiff suffers from "a neurological condition[] which affects his walking" and is blind in his right eye. Id. ¶ 56. Plaintiff regularly uses a wheelchair and is authorized to use handicapped accessible parking spaces. Id. Plaintiff's adult son "takes him to places [he] wants to visit, including stores, restaurants, parks, doctors[,] and medical facilities in New Jersey, where he currently resides, and New York, where he previously resided for decades and where his son and friends still reside." Id. ¶ 57.

In August 2019, plaintiff and his son visited a gas station with an attached store (the "Shop") located at 65-10 Queens Boulevard, Woodside, New York 11377, which is owned and operated by defendants. Id. ¶¶ 9–12, 16–17, 61. Plaintiff alleges that the Shop is considered a place of public accommodation within the meaning of the ADA. Id. ¶ 22. Plaintiff describes several architectural barriers which allegedly limited his access to the Shop and left plaintiff feeling "[f]rustrated, disappointed[,] and humiliated." Id. at ¶ 81. These barriers include an "impermissibly steep," cracked, and uneven access aisle in the parking lot adjacent to the designated handicapped parking spot; lack of identifying signage for a van accessible parking space; an "impermissibly high" spring tension on the Shop's door; and a register counter which did not allow plaintiff to extend his knees and toes. Id. ¶¶ 71–79, 93–110. Plaintiff  alleges that removing the described architectural barriers is readily achievable, but he fails to suggest any projected costs or timelines. Id. ¶¶ 116, 120–22. Although plaintiff references only one visit to the Shop, he alleges that he visits Woodside, New York "often" and intends to continue visiting the Shop as soon as the architectural barriers are remedied. Id. at ¶¶ 82–83. Plaintiff repeatedly references that his

3

"ultimate goal is [defendants'] compliance with the [ADA]" ECF No. 9 at 8; ECF No. 10 at 8, yet, he did not notify defendants of the alleged violations prior to filing this lawsuit.

## PROCEDURAL HISTORY

Plaintiff commenced this action against defendants on December 1, 2019. ECF No. 1. Summonses were returned executed on defendants on December 17, 2019. ECF Nos. 5–6. When defendants failed to respond to plaintiff's complaint after being properly served, plaintiff requested and the Clerk of Court noted entry of the defendants' default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF Nos. 7–8. Plaintiff now moves for a default judgment against defendants pursuant to Rule 55(b)(2). ECF No. 9, Motion for Default Judgment Against Apna Food & Oil Corp. ("Apna Motion"); ECF No. 10, Motion for Default Judgment Against I&J Holdings, Inc. ("I&J Motion").

## DISCUSSION

### I.     Legal Standard

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). "Accordingly, plaintiff is not entitled to a default judgment as a matter of right

4

simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (courts must "supervise default judgments with extreme care to avoid miscarriages of justice")).

On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997). Regardless of the assumption of truth, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (internal quotation marks and citation omitted). In evaluating "whether the unchallenged facts constitute a legitimate cause of action," the Court is limited to the four corners of the complaint. The Court is not so restricted in determining damages, which may be calculated based on documentary evidence, affidavits, or evidence gleaned from a hearing on damages. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111).

## II.    Standing

As an initial matter, although defendants have not appeared, the Court must consider whether plaintiff has standing to bring this action. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (Standing is an "irreducible constitutional minimum[.]"). Standing has been

5

established in ADA suits seeking injunctive relief for lack of access to a public accommodation where:

> the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [the public accommodation] to plaintiff's home, that plaintiff intend[s] to return to the subject location.

Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187–88 (2d Cir. 2013) (citing Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008) (*per curiam*)). "Intent to return is a highly fact-sensitive inquiry that incorporates a range of factors including not only the proximity of the defendant's services . . . to the plaintiff's home . . . but also other factors relevant to the calculation of the plaintiff's intent to return such as occupation or demonstrated travel habits." Bernstein v. City of New York, 621 Fed. Appx. 56, 59 (2d Cir. 2015) (summary order) (citing Kreisler, 731 F.3d at 187–88 and Camarillo, 518 F.4d at 158). No single factor is dispositive; Courts have found standing even for plaintiffs who live a long distance from the underlying property. Harty v. Spring Valley Marketplace LLC, No. 15 Civ. 8190 (NSR), 2017 WL 108062, at *9 (S.D.N.Y. Jan. 9, 2017) ("[T]he distance between [plaintiff's] permanent residence in Florida and [defendants' store in Rockland, New York] is not dispositive of standing.") (citing cases).

Here, plaintiff passes the threshold, albeit barely, to establish standing to bring this action pursuant to the ADA. From plaintiff's one visit, he describes several architectural barriers which make it difficult for him to visit the Shop and alleges that the architectural barriers will remain absent Court-ordered remediation. Compl. ¶¶ 64–86. Plaintiff alleges that although he resides in New Jersey, the Shop is located "not far from" his son's home, and that he intends to return to the Shop once the architectural barriers are removed. Id. ¶¶ 7, 82–83. Plaintiff does not state how far away from the Shop he or his son live, nor does he allege that he attempted to visit the Shop on

more than one occasion. Furthermore, plaintiff does not recount his travel history to Woodside, New York nor does he demonstrate specific plans to return. Rather, plaintiff alleges that he will return to the Shop after remediation; this boilerplate recitation is made in all of plaintiff's complaints.

In the ADA context, the concept of standing has been so eroded that it has been established even on threadbare allegations. See Shariff v. Radamar Meat Corp., No. 11 CV 6369 (NGG)(RML), 2014 WL 1311563, at *2 (E.D.N.Y. Feb. 14, 2014), adopted as modified by, 2014 WL 1311565 (E.D.N.Y. Mar. 31, 2014) (Courts have found that "disabled plaintiffs who had encountered barriers at . . . stores . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access.") (citation omitted). Thus, I find that plaintiff has established standing, albeit barely, to bring this case.

## III.   Liability

Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To establish a violation of Title III, plaintiff must demonstrate that "(1) he is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." Perdum v. Forest City Ratner Cos., 174 F. Supp. 3d 706, 712–13 (E.D.N.Y. 2016) (internal quotation marks omitted) (citing Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008)).

A statutorily protected disability may be "a physical or mental impairment that substantially limits one or more major life activities of [the purportedly disabled] individual." 42 U.S.C. § 12102(1)(A). "[M]ajor life activities include, but are not limited to . . . walking[.]" Id. Here, plaintiff alleges that he suffers from a neurological condition which affects his ability to walk and that he "regularly" uses his wheelchair. Compl. ¶ 56. Thus, plaintiff is a disabled individual for the purposes of the ADA. See Grinblat v. H&6 Assoc., Case No. 19 CV 2034 (LDH)(SMG), ECF No. 17 at 4 (E.D.N.Y. Jan. 28, 2020), adopted by, ECF No. 21 (E.D.N.Y. Mar. 31, 2020) (plaintiff is a disabled individual for the purposes of the ADA).

Next, the ADA defines a public accommodation to include "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment." 42 U.S.C. § 12181(7)(E). Plaintiff alleges that defendants own the Shop, a sales establishment, which is a place of public accommodation within the meaning of the ADA. Compl. ¶ 22.

Last, under the ADA, disability discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "A plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG')." Harty, 2017 WL 108062, at *5 (internal quotation marks and citations omitted); see also Shalto v. Bay of Bengal Kabob Corp., No. 12 CV 920 (KAM)(VMS), 2013 WL 867429, at *4–5 (E.D.N.Y. Feb. 6, 2013), adopted by as modified by, 2013 WL 867420 (E.D.N.Y. Mar. 7, 2013) (consulting the ADAAG to determine if the alleged barriers constitute violations of the ADA). The Court looks to the ADAAG, which were first issued in 1991 ("1991 Standards")

and revised in 2010 ("2010 Standards"),[5] see 28 C.F.R. § 36.101, *et seq.*, Compl. ¶ 91, to determine whether the alleged architectural barriers constitute discrimination under the ADA.

Here, plaintiff alleges that he encountered difficulties visiting the Shop due to numerous architectural barriers. Compl. ¶¶ 84, 86, 90. Specifically, plaintiff alleges that the handicapped van parking space is not marked and occasionally obstructed with garbage bins and garbage bags, 2010 Standards § 502.6, 1991 Standards § 4.6.4, Compl. ¶¶ 93–95, 110; the slopes of the parking space and access aisle are 7.9% and 9.2% respectfully, whereas the slopes should be no steeper than 2.08%, 2010 Standards § 502.4, 1991 Standards §§ 4.5.1, 4.6.3, Compl. ¶¶ 96–101; and the surfaces of the parking lot and access aisle are "cracked and uneven" as opposed to "stable, firm, and slip resistant," 2010 Standards § 302.1, 1991 Standards § 4.5.1, Compl. ¶¶ 102–04. Plaintiff alleges that the front door to the Shop requires twelve pounds of force to push or pull, exceeding the maximum allowed of five pounds of force. 2010 Standards § 404.2.9; 1991 Standards § 4.13.11; Compl. ¶¶ 105–06. He also alleges that the knee and toe spaces at the counter are not ADA compliant. 2010 Standards § 904.4.2; 1991 Standards §§ 4.2.4.1, 7.2; Compl. ¶¶ 107–08. Plaintiff further alleges that defendants have failed to remedy these violations and remove the architectural barriers, even though they apparently could do so. Compl. ¶¶ 116, 120–22. As this is a motion for default judgment, the Court accepts plaintiff's allegations as true that defendants' Shop is not in compliance with these provisions of the ADAAG and that the removal of these architectural barriers is readily achievable. Therefore, plaintiff establishes defendants' liability under the ADA.

---

[5] Compliance with the 2010 Standards is required for new construction and alterations as of March 15, 2012. Plaintiff alleges that the Shop was built prior to January 26, 1990, and has undergone "substantial remodeling, repairs[,] and/or alterations[.]" Complaint ¶ 55. The Court notes that for structures built prior to 1991, but subsequently altered, there may be an issue as to whether the 1991 Standards or the 2010 Standards apply. Regardless, with respect to the disputes at issue here, there are no material differences between the two sets of guidelines that would change the Court's analysis. See Feltenstein v. Wykagyl Assoc. HJ, LLC, 184 F. Supp. 3d 76, 80 n.6 (S.D.N.Y. 2016).

Plaintiff also alleges that defendants violated the New York State Civil Rights Law, the NYSHRL, and the NYCHRL. Compl. ¶¶ 130–60. "The elements that establish liability under the ADA are sufficient to state a claim under the New York Civil Rights Law." Ross v. Royal Pizza Cafe Corp., No. 17 CV 6294 (FB)(RML), 2018 WL 6313208, at *4 (E.D.N.Y. Aug. 1, 2018), adopted by, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018) (internal quotation marks and citation omitted). Similarly, "[a] claim for disability discrimination under [the NYSHRL or the NYCHRL] is governed by the same legal standards [that] govern federal ADA claims." See Shalto v. SFL Pizza Corp., No. 19 CV 1687 (NGG)(ST), 2020 WL 3577335, at *4 (E.D.N.Y. June 30, 2020) (citations omitted). Accordingly, as plaintiff establishes defendants' liability under the ADA, he also does so under the New York Civil Rights Law, the NYSHRL, and the NYCHRL.

## IV.   Damages[6]

It is well established that a default, is "deemed to constitute a concession of all well pleaded allegations of liability," but it is "not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks and citation omitted); see also Credit Lyonnais Secs. (USA), Inc., 183 F.3d at 155 ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."). On a motion for a default judgment, a plaintiff has the burden to prove damages to the Court with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc, 183 F.3d at 155 (citing

---

[6] Plaintiff requests statutory, compensatory, and punitive damages as to each defendant. Apna Motion at 25–26; I&J Motion at 25–26. However, there is no authority cited that warrants double damages simply because plaintiff filed separate, but materially identical, motions for a default judgment. In many similar ADA default cases where plaintiff's allegations are generic to defendants as co-owners, co-tenants, or as landlord and tenant, Courts award damages jointly and severally against defendants. See Ross, 2018 WL 6313208, at *7 (co-defendants were landlord and tenant); Kreisler v. Second Ave. Diner Corp., No. 10 Civ. 7592 (RJS), 2012 WL 3961304, at *15–16 (S.D.N.Y. Sept. 11, 2012), aff'd, 731 F.3d 184 (2d Cir. 2013) (same). Thus, I recommend that plaintiff should be awarded damages jointly and severally against defendants herein.

Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111). The Court, however, does not need to hold a hearing, as "detailed affidavits and documentary evidence" may be sufficient. Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234 (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)).

As in each of his other cases, plaintiff here seeks tens of thousands of dollars of damages for what is uniformly described as "pain of body and mind, emotional distress, embarrassment, humiliation[,] and frustration." Compl. ¶ 87.

### A. Injunctive Relief

Plaintiff seeks injunctive relief pursuant to the ADA. Apna Motion at 24–26; I&J Motion at 24–26; Compl. ¶¶ 166–70. The ADA provides a private right of action for injunctive relief, which "shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). Plaintiff has not proposed specific measures for injunctive relief or estimated remediation timelines other than stating that defendants should make the premises "readily accessible to, and usable by, individuals with disabilities[,]" and that they should comply with the relevant laws. Compl. ¶ 166.

Nevertheless, "the often-used method in this district for awarding injunctive relief in ADA cases is to require defendants to submit a compliance plan within a prescribed period of time." Taylor v. 312 Grand St. LLC, No. 15 Civ. 5410 (BMC), 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016) (citing cases); see also H&6 Assoc. Inc., No. 19 CV 2034 (LDH)(SMG), ECF No. 17 at 7–8 (citing cases). Accordingly, it is respectfully recommended that plaintiff's request for injunctive relief should be granted and defendants should be ordered to comply with the ADA as discussed in Part III, *supra*. I recommend that the injunction should (1) require defendants to submit to plaintiff's counsel an architectural plan that remedies the ADA violations identified in

11

Part III, *supra*, within six months of any Order adopting this Report;[7] (2) grant plaintiff thirty days from receipt of defendants' plans to consent or to seek further relief from the Court; and (3) direct defendants to make the necessary alterations within sixty days of plaintiff's consent or any ruling on plaintiff's request for further relief. See O'Rourke v. Drunken Chicken in NY Corp., No. 19 CV 3942 (NGG)(SMG), 2020 WL 4013187, at *5 (E.D.N.Y. July 16, 2020) (Report and Recommendation) (providing for similar injunctive relief on a motion for default judgment) (citing cases); Shariff v. Beach 90th St. Realty Corp., No. 11 CV 2551 (ENV)(LB), 2013 WL 6835157, at *5 (E.D.N.Y. Dec. 20, 2013) (same).

**B.  Statutory Damages**

Plaintiff requests statutory damages pursuant to the New York State Civil Rights Law. Apna Motion at 25; I&J Motion at 25; Compl. ¶ 163. Defendants who violate the New York Civil Rights Law "shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside." N.Y. Civ. Rights L. § 40-d. The statute further requires that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the attorney general." N.Y. Civ. Rights L. § 40–d. Here, as discussed in Part III, *supra*, plaintiff's allegations are sufficient to establish violations of Section 40-c. Furthermore, plaintiff has provided notice to the Attorney General of his lawsuit, as required by Section 40-d. Apna Motion at 29; I&J Motion at 24. Therefore, I respectfully recommend that plaintiff should be awarded $500.00 in statutory damages under the New York State Civil Rights Law.

---

[7] Courts in similar cases ordered defendants to submit architectural plans that remedied the underlying ADA violations to plaintiff's counsel within sixty days. However, in light of the ongoing pandemic, I recommend allowing defendants six months to do so.

### C.  Compensatory Damages

Plaintiff requests compensatory damages under the NYSHRL and the NYCHRL. Apna Motion at 25; I&J Motion at 25; Compl. ¶ 162. Plaintiff alleges that he "has suffered, and continues to suffer . . . emotional distress, including, but not limited to, depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain[,] and suffering[.]"[8] Compl. ¶ 159. "[S]uch harm warrants compensation[.]" Second Ave. Diner Corp., 2012 WL 3961304 at *15. Courts in this District and the "New York City Human Rights Commission [have] deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damages other than what a decent and reasonable individual would suffer when faced with bad behavior." Bay of Bengal Kabob Corp., 2013 WL 867429, at *10 (internal quotation marks and citation omitted); see also O'Rourke, 2020 WL 4013187, at *5 (E.D.N.Y. July 16, 2020) (Report and Recommendation) (awarding $1,000.00 where plaintiff alleged that he felt discriminated against) (citing Beach 90th St. Realty Corp., 2013 WL 6835157, at *6–7). Accordingly, plaintiff should be awarded $1,000.00 in compensatory damages pursuant to the NYSHRL and the NYCHRL.

### D.  Punitive Damages

Plaintiff requests punitive damages pursuant to the NYCHRL. Apna Motion at 25; I&J Motion at 25; Compl. ¶ 165. "[T]he standard for determining damages under the NYCHRL is whether the wrongdoer has engaged in discrimination with willful or wanton negligence, or recklessness, or a 'conscious disregard of the rights of others or conduct so reckless as to amount

---

[8] Plaintiff's complaint parrots the harm he alleges in his other ADA cases. See, e.g., Grinblat v. William Bay Ltd. Liab. Co., No. 20 CV 1646 (EK)(SMG), ECF No. 1 at ¶ 169 (E.D.N.Y. Apr. 1, 2020) (alleging the same harm verbatim); Grinblat v. Three Stars Corp., No. 20 CV 1644 (RRM)(JO), ECF No. 1 at ¶ 180 (E.D.N.Y. Apr. 1, 2020) (same); Grinblat v. Speedway LLC, No. 20 CV 1643 (KAM)(CLP), ECF No. 1 at ¶ 170 (E.D.N.Y. Apr. 1, 2020) (same); Grinblat v. Super Discount Inc., No. 18 CV 6514 (BMC), ECF No. 1 at ¶ 103 (E.D.N.Y. Nov. 15, 2018) (same). Plaintiff's counsel's cut-and-paste litigation strategy does little to credibly establish his client's damages or to address the serious difficulties faced by many people with disabilities.

to such disregard.'" Chauca v. Abraham, 885 F.3d 122, 124 (2d Cir. 2018) (citations omitted). Furthermore, "there must be some evidence of the magnitude of the injury, to assure that [the Court's] damage award is neither punitive nor arbitrary." Kreisler, 2012 WL 3961304, at *14. Here, plaintiff's allegations do not establish the standard to award punitive damages. See H&6 Assoc. Inc., No. 19 CV 2034 (LDH)(SMG), ECF No. 17 at 10–11 (denying plaintiff's request for punitive damages in a materially identical ADA default case). Therefore, I respectfully recommend that the Court should deny plaintiff's request for punitive damages.

### E.  Attorney's Fees and Costs

Plaintiff requests leave to file a motion for attorney's fees and costs. Apna Motion at 26; I&J Motion at 26. The Court has discretion to award "a reasonable attorney's fee, including litigation expenses, and costs" to the prevailing party in an ADA litigation. 42 U.S.C. § 12205. Plaintiff should be granted leave to file a motion for attorney's fees within six months upon demonstrating reasonable efforts to enforce the injunction.[9] See Taylor, 2016 WL 1122027, at *6 ("[I]t is incumbent upon counsel to actually make some effort to achieve something in this case besides obtaining a piece of paper (the judgment) . . . [the Court is] deferring the issue of fees until such time as plaintiff can demonstrate that he has made a reasonable effort to obtain compliance with the injunction.").

---

[9] Courts across the country have discussed concerns about serial ADA litigation used to extract attorney's fees from defendants. As Judge Cogan discussed in a similar ADA default case,

> It is true that not only the undersigned, but other judges in this district, and indeed judges around the country, have questioned whether the ADA in some instances has become a vehicle of abuse by certain plaintiff's attorneys who have created a cottage industry by bringing multiple cases against small businesses on behalf of the same plaintiff when that plaintiff has no genuine intention of using the services of so many businesses.

Adams, 2016 WL 7495804, *2 (citing cases). Plaintiff's counsel is on notice that "[w]here cases involve identical legal issues and similar factual issues, the duplicitous nature of the litigation warrants a reduction in the law firm's fee." Cankat v. 41st Ave. Rest. Corp., No. 15 CV 4963 (SJ)(MDG), 2016 WL 7217638, *3 (E.D.N.Y. Dec. 12, 2016) (citation omitted). In these situations, Courts may "(i) cut the number of hours billed, (ii) reduce the amount of the fee, or (iii) disallow the entire amount." Beach 90th St. Realty Corp., 2013 WL 6835157, at *7 (citing cases).

**CONCLUSION**

Plaintiff repeatedly states that his "ultimate goal is that defendants remediate their violations of the ADA," yet his serial identical filings cast doubt on whether injunctive relief is really the object here. Owners of public accommodation should improve access to their facilities for people with disabilities. However, attorney's fees should not motivate these complaints or take the place of actual remediation.

As plaintiff's motion for a default judgment is plausible, albeit barely, I respectfully recommend that the Court should grant plaintiff's motion for a default judgment in part and deny it in part, ECF Nos. 9–10. I recommend that the Court should (1) issue an injunction as set forth in Part IV. A., *supra*; (2) award plaintiff $500.00 in statutory damages under the New York Civil Rights Law against defendants jointly and severally; and (3) award plaintiff $1,000.00 in compensatory damages under the NYSHRL and the NYCHRL against defendants jointly and severally. The Court should deny plaintiff's request for punitive damages under the NYCHRL. I further recommend that plaintiff should be granted leave to move for attorney's fees upon demonstrating reasonable efforts to enforce the injunction within six months of any Order adopting this Report. Plaintiff is hereby ordered to serve a copy of this Report upon defendants at their last known addresses and to file proof of service with the Court forthwith.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated:  August 26, 2020
          Brooklyn, New York

16